## WILLIAM A. STORM

v.

## PHILIP S. BARGER.

*Highways—Public and Private—Obstruction of.*

1. No private right exists in a given person to recover damage sustained by the public alike, through the obstruction of a public road, unless he avers damage special to himself.

2. The fact that the public has not worked a public road, does not destroy its character unless the condition thereof is such as to require it to be worked so as to enable the public to use the same.

[Opinion filed February 26, 1892.]

APPEAL from the Circuit Court of Pope County; the Hon. R. W. McCARTNEY, Judge, presiding.

Messrs. W. S. MORRIS and W. H. MOORE, for appellant.

Messrs. THOMPSON & CROW, for appellee.

PHILLIPS, J.   The plaintiff filed his declaration containing three counts. The first and second counts alleged that the

plaintiff was possessed of a certain farm·and had a road and cart-way out of his farm which was obstructed by the defendant, whereby the plaintiff was deprived of its use. The third count alleges that the plaintiff was possessed of a certain other messuage and farm, and had the right to the unobstructed use of a certain public and private road or highway, which was wrongfully obstructed by the defendant so that the plaintiff was deprived of its use. A demurrer ,was sustained to the third count, and issue joined on the first and second counts, and on trial a verdict and judgment was entered for the defendant, and the plaintiff brings the record to this court by appeal.

The first question presented is, was it error to sustain the demurrer to the third count of plaintiff's declaration, it averring the road to be a public and private road or highway, and its obstruction. No private right exists in the plaintiff to recover damage that is sustained by the public alike, unless he avers damage special to himself. The obstruction of the road deprived the public of its use. The averment of the deprival of the plaintiff of its use is not an averment of special damage, but an averment of the same deprivation to himself as existed in the public. Under such averment and in the absence of averment of special damage, the demurrer was properly sustained.

It is assigned as error that, "The court erred in refusing to permit the witness Storm to answer the first question put to him in his re-direct examination, which question will be found on page nineteen of the record." On an examination of the record, no objection was sustained by the court to any question on the re-examination of the witness Storm, nor was there any objection sustained to any question asked by appellant's counsel on the page of the record referred to.

The second and third errors assigned are that the court erred in sustaining objections to the second and third questions asked the defendant on cross-examination. The second question asked was as to whether the defendant had tried to induce another land owner, through whose land the road passed, to fence the road, and the third question was as to whether he knew of the road being worked as a public road.

The evidence shows the road had been used by the public for, at least, thirty years, and its use during that time was a public use, and no evidence shows it to be a way appurtenant to the plaintiff's farm. Under the averments of the declaration, the plaintiff must recover, if at all, by reason of the obstruction of a private road. The fact that the public has not worked the road, which is a public road, does not destroy its character as a public road unless the condition of the road is such as to require it to be worked so as to enable the public to use the same. It was not error to sustain the objection to the third question. The question as to whether defendant had tried to induce other land owners to fence the road would only be relevant as showing a purpose to obstruct the road, and under the averments of the declaration, unless it appears that it was a private road, the defendant could not recover. The evidence shows the road to be a public road, and the question was not material that it was not error to sustain the objection to the second question asked the defendant on cross-examination. The other errors assigned are, that the court erred in giving the defendant's instructions, and in overruling plaintiff's motion for a new trial. From what has been said the evidence did not sustain the allegation of the plaintiff's declaration, and the instructions asked by the defendant are on the theory that if the way was a public way the plaintiff could not recover unless he showed special damage.

There is in the record no error that would allow us to reverse the judgment.

The judgment is affirmed.

*Judgment affirmed.*